Filed 4/14/23  P. v. Livingston CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTURUS LEVELL LIVINGSTON,<br><br>    Defendant and Appellant. | B320053<br><br>(Los Angeles County<br>Super. Ct. No. TA146007) |

APPEAL from an order of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Dismissed.

Pensanti & Associates and Louisa Pensanti, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

Generally, once judgment in a criminal case is rendered and execution of a sentence begins, trial courts lack jurisdiction to vacate or modify a sentence. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) And this court generally lacks jurisdiction to consider appeals from a trial court's denial of a request to vacate or modify a final sentence. (*Ibid.*) Of course, exceptions apply, notably when the Legislature has created a specific statutory avenue that allows a defendant to seek resentencing. (*Ibid.*)

In this case, all parties agree that at some point in the future, appellant Arturus Levell Livingston will likely be able to use a statutory avenue to modify his sentence. But his time to do so has not yet come. The trial court lacked jurisdiction to consider Livingston's motion for sentencing relief. We lack jurisdiction to consider an appeal of the court's order dismissing his motion. Accordingly, we dismiss this appeal.

## BACKGROUND

In 2018, Livingston pled no contest to selling, transporting, or offering to sell a controlled substance under Health and Safety Code section 11352, subdivision (a). He admitted that his offense was gang-related for purposes of former Penal Code section 186.22, subdivision (b)(1)(A), and that he had suffered a prior prison term for purposes of former Penal Code section 667.5, subdivision (b).[1] Pursuant to the parties' plea agreement, the trial court sentenced Livingston to 10 years in state prison. His sentence included the upper term of five years, plus a four-year gang enhancement and a one-year prior prison term enhancement. Livingston began serving his sentence immediately after his sentencing.

In 2022, Livingston moved to strike his two enhancements, based on recent changes enacted by the Legislature. He invoked Assembly Bill No. 333 (2021–2022 Reg. Sess.; Stats. 2021, ch. 699, §§ 1–5), which amended the gang-enhancement scheme. He also invoked newly enacted section 1172.75, which retroactively invalidated certain prior person term enhancements, including Livingston's.[2]

The People opposed Livingston's motion. As to the gang enhancement, the People argued it could not be

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     At the time of the proceedings below, current section 1172.75 was numbered section 1171.1. For simplicity, we refer only to section 1172.75.

stricken because Livingston's judgment was still final and had not been opened for resentencing. As to the prior prison term enhancement, the People agreed that Livingston would ultimately be entitled to relief under section 1172.5. However, the People argued that the enhancement could not be stricken at that time. The People noted that although section 1172.75 established a procedure that would ultimately result in resentencing Livingston, that procedure had specific time limits and procedures, and had not been initiated because the California Department of Corrections and Rehabilitation (CDCR) had not yet provided the court with information regarding Livingston, as required by section 1172.75, subdivision (b).

At an April 2022 hearing on Livingston's motion, the trial court stated that his motion was "premature" because the CDCR had not yet provided the necessary information regarding Livingston. Although the trial court anticipated ultimately resentencing Livingston, it concluded that it was too early to do so at the time of Livingston's motion. Accordingly, after the hearing, the court dismissed Livingston's motion without prejudice. Livingston filed a notice of appeal, invoking section 1237, subdivision (b).

## DISCUSSION

We conclude this court lacks jurisdiction over Livingston's appeal because the trial court's order dismissing Livingston's motion was nonappealable.

4

Section 1237, subdivision (b), the provision Livingston uses to invoke our appellate jurisdiction, makes post-judgment orders that affect a criminal defendant's substantial rights appealable.  (§ 1237, subd. (b).)  But post-judgment orders denying motions to vacate or modify a sentence are, at least ordinarily, not appealable under this statutory section.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.]"  (*King, supra*, 77 Cal.App.5th at 634.)  And, if the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion does not (by definition) affect the defendant's substantial rights.  (*King, supra*, at 634, 639.)  Such an order is not appealable, and any appeal from such an order must be dismissed.  (*Ibid.*)

The jurisdictional rule that bars trial courts from modifying a final sentence is subject to exceptions.  For example, a trial court retains jurisdiction to resentence a defendant pursuant to "specific statutory avenues" that permit certain incarcerated defendants to seek resentencing.  (*King, supra*, 77 Cal.App.5th at 637.)  Section 1172.75 is one such potential avenue.  Section 1172.75, subdivision (a), declares legally invalid any one-year prior prison term enhancement under prior section 667.5, subdivision (b), that was imposed before January 2020 and was not based on a sexually violent offense.

However, section 1172.75 has statutory prerequisites that apply before resentencing begins.  Subdivisions (b) and (c) of section 1172.75 establish a two-step resentencing procedure for every incarcerated defendant subject to a newly invalid enhancement.  First, no later than July 1, 2022, the Secretary of the CDCR and the county correctional administrator of each county were required to identify each such defendant in their custody and to provide identifying information about the defendant and the defendant's case to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).)  Second, "[u]pon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)  The court's review and resentencing must be completed no later than December 31, 2023 (or earlier for defendants who have already served their base terms and any other enhancements).  (*Ibid.*)

Notably, section 1172.75 does not provide that resentencing pursuant to its terms can take place outside of this statutorily imposed process.  Section 1172.75 does not contemplate relief initiated by a defendant's request, via motion or otherwise.  (See *People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*) ["any review and verification by the court in advance of resentencing is only triggered by

receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. (§ 1172.75, subds. (b)–(c).) Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion"].)

Applied here, this law compels dismissal of Livingston's appeal.[3] Livingston's judgment was rendered and its execution began in 2018, long before Livingston filed his motion for sentencing relief. Thus, the trial court lacked jurisdiction to recall Livingston's sentence at the time it denied his motion, and we lack jurisdiction to hear an appeal from the denial of that motion. (*King*, *supra*, 77 Cal.App.5th at 634.) To be sure, Livingston may, and likely will, be entitled to have his sentence recalled and be resentenced pursuant to section 1172.75—once the statutory prerequisites have been complied with and the information from the CDCR is received. At that time, he may be entitled to resentencing, and to the striking of one or both of the enhancements that he challenges. But that has not happened yet. As the trial court found, Livingston is not entitled to initiate the section 1172.75 process and recall his sentence on his own motion, in advance of the process contemplated by statute. (See *Burgess*, *supra*, 86

---

[3] In a letter to the parties' counsel, we invited supplemental briefs addressing whether this appeal should be dismissed for lack of jurisdiction because the trial court's order was nonappealable. We received no response from Livingston.

7

Cal.App.5th at 384.)  Without a statutory or other avenue to recall his sentence, the trial court lacked jurisdiction to hear Livingston's motion, and we lack jurisdiction to hear the appeal.

Livingston asserts that during the pendency of this appeal, the CDCR has provided the necessary information to the trial court, implying that the section 1172.75 prerequisites have *now* been complied with and the trial court would *now* have jurisdiction over his motion.  But that is not the issue before us.  We are asked only to review the trial court's order denying Livingston's motion.  (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"].)  It is undisputed that when the trial court denied Livingston's motion, the CDCR had not triggered the process for Livingston's resentencing.  The trial court was therefore without jurisdiction to consider it at that time.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

DAUM, J. *

We concur:

COLLINS, J.

CURREY, Acting P.J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

9